## Curtis, Mallet-Prevost, Colt & Mosle llp

Almaty
Ashgabat
Astana
Beijing
Buenos Aires
Dubai
Frankfurt
Houston

Istanbul
London
Mexico City
Milan
Muscat
Paris
Rome
Washington, D.C.

Attorneys and Counsellors at Law

101 Park Avenue
New York, New York 10178-0061

Telephone 212-696-6000
Facsimile 212-697-1559
www.curtis.com

Writer's Direct:
Tel.: 212-696-8860
E-Mail: tfoudy@curtis.com

May 26, 2015

*VIA ECF*

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    *Wilmington Trust, Nat'l Ass'n, as Trustee v. Wilmington Sav. Fund Soc'y, as Trustee,* et al., No. 15 Civ. 02280

Dear Judge Román:

      This Firm is counsel to plaintiff-appellant, Wilmington Trust, National Association, in its capacity as trustee (the "1.5 Lien Trustee"). We write in response to the letter, dated May 21, 2015 [ECF No. 8] (the "Letter"), from defendants-appellees, the Second Lien Noteholders.[1] The Letter concerns the purported "relatedness" of the Intercreditor Appeal to a separate appeal captioned *In re MPM Silicones, LLC*, *et al.*, No. 14 Civ. 7492 (VB) (the "Confirmation Appeal," and together with the Intercreditor Appeal, the "Appeals").

      To begin, on March 16, 2015, the 1.5 Lien Trustee filed its *Notice of Appeal* [ECF No. 1], and on that same day, filed its Civil Cover Sheet [ECF No. 3], which did not designate the Intercreditor Appeal as related to the Confirmation Appeal. On March 26, the case was assigned to this Court. On March 31, the 1.5 Lien Trustee and Second Lien Noteholders jointly filed with this Court a *Stipulation and Order* [ECF No. 6] (the "Stipulation") agreeing to stay briefing of the Intercreditor Appeal. On April 13, the Second Lien Noteholders filed the *Appellees' Counter-Designation of Record on Appeal Pursuant to Bankruptcy Rule 8009* [ECF No. 7] (the "Counter Designations"), identifying additional documents that they wanted this Court to consider in connection with the Intercreditor Appeal. At no point during the process of submitting either the Stipulation or the Counter-Designations did the Second Lien Noteholders

---

[1]    Unless otherwise defined, all capitalized terms shall have the meanings set forth in the Letter.

Case 7:15-cv-02280-NSR   Document 10   Filed 05/26/15   Page 2 of 3

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Hon. Nelson S. Román
May 26, 2015

bring to this Court's attention any concern that the Intercreditor Appeal was "related to" the Confirmation Appeal.

Instead, the Second Lien Noteholders waited – over 60 days after the Notice of Appeal was filed, over 50 days after submitting the Stipulation, and nearly 40 days after submitting the Counter-Designations. Tellingly, they waited until *after* Judge Briccetti issued an Order, on May 4, affirming the Confirmation Order – only then did they take the opportunity to assert that the Appeals were "related." No new facts concerning the Intercreditor Appeal had been uncovered during that time frame. Thus, the Second Lien Noteholders' request to transfer was not "prompt" under Local Civil Rule 1.6.

Their timing aside, the Appeals are not "related" as that term is defined for purposes of Rule 13 of the Rules for the Division of Business Among District Judges, Southern District ("Rule 13"). The Confirmation Appeal arises from the Bankruptcy Court's Order confirming the Chapter 11 plan of reorganization (the "Plan") of Momentive Performance Materials, Inc. and its affiliated debtors (collectively, "Debtors"). The Intercreditor Appeal arises from the Bankruptcy Court's Order dismissing a state-law breach of contract action arising from an Intercreditor Agreement between the Second Lien Noteholders and more senior lenders, including the 1.5 Lien Trustee. The Appeals concern different orders of the Bankruptcy Court, and will not be treated as related "merely because they arise from the same bankruptcy proceeding." Rule 13(a)(2)(D); *see also* Rule 13(a)(1) ("Bankruptcy appeals are deemed related if they arise from the same order or judgment of the bankruptcy court."). Nor are the Rule 13(a)(1) factors satisfied here.

First, the Appeals do not "concern the same or substantially similar parties, property, transactions or events." Rule 13(a)(1)(A). The Debtors, the appellees in the Confirmation Appeal, are not parties to the Intercreditor Appeal. Moreover, the central facts and events underlying the Appeals are different: the Confirmation Appeal concerned whether the *Debtors' Plan* complied with the *Bankruptcy Code*, while the Intercreditor Appeal concerns whether the *Second Lien Noteholders* violated their independent, *state-law contractual obligations* to the 1.5 Lien Noteholders. And, of course, the Appeals shall not be deemed related merely because the 1.5 Lien Trustee was also a party to the Confirmation Appeal. *See* Rule 13(a)(2)(A) ("Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.").

Second, there is not "substantial factual overlap." Rule 13(a)(1)(B). The factual and legal issues in the Intercreditor Appeal concern *the recovery that the Second Lien Noteholders received,* and whether they were obligated under the Intercreditor Agreement to turn over that recovery to the 1.5 Lien Trustee. In contrast, the Confirmation Appeal concerned *the recovery the 1.5 Lien Noteholders received* from the Debtors, and whether it met the Debtors' obligations under the Bankruptcy Code. The Confirmation Appeal addressed: (i) whether the Debtors were obliged to pay a "make-whole" premium to the 1.5 Lien Noteholders under the terms of the indenture in the event of a bankruptcy; and (ii) whether the interest rate attached to replacement notes provided under the Plan was fair and equitable under the Bankruptcy Code. *See Memorandum Decision, In re MPM Silicones, LLC, et al.,* 14 Civ. 7492 (VB) [ECF No. 31].

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Hon. Nelson S. Román
May 26, 2015

In contrast, the issues on the Intercreditor Appeal concern whether the Second Lien Noteholders' receipt of equity in the reorganized Debtors constitutes "proceeds" of collateral, and whether the Intercreditor Agreement prohibited the Second Lien Noteholders from taking certain actions in the bankruptcy. *See 1.5 Lien Trustee's Statement of Issues and Designation of Record On Appeal* [ECF No. 2].

Third, there is no risk that the parties will be subjected to "conflicting orders." Rule 13(a)(1)(C). The Intercreditor Appeal does not seek to overturn the Confirmation Order or affect the confirmation of the Debtors' Plan in any way. This is an action for money damages against the Second Lien Noteholders as a result of their breach of contract. Indeed, the Confirmation Order explicitly and repeatedly carved out the Intercreditor Action from the purview of its releases and injunctive effects to allow it to proceed separately from the confirmation of the Debtors' Plan. *See Findings of Fact, Conclusions of Law and Order (I) Confirming Joint Chapter 11 Plan of Reorganization for Momentive Performance Materials Inc. and its Affiliated Debtors; and (II) Adjudicating Certain Adversary Proceedings* [Bankruptcy Court Case No. 14-22503, ECF No. 1001], ¶¶ BB, 26(c), 73.

Fourth, there will be no "substantial duplication of effort and expense, delay, or undue burden on the Court, the parties, or witnesses." The case underlying the Intercreditor Appeal has proceeded separate and apart from the Confirmation Appeal for nearly a year. The legal issues are wholly different, and, in fact, the Confirmation Appeal has been decided and is now no longer pending before Judge Briccetti.[2]

Accordingly, the 1.5 Lien Trustee respectfully submits that the Appeals are not "related" as that term is used for purposes of Rule 13.

Respectfully submitted,

Theresa A. Foudy

cc: All Counsel of Record (via ECF)

---

[2] BOKF, N.A., an appellant in the Confirmation Appeal, filed a notice of appeal to the Court of Appeals for the Second Circuit on May 22, 2015. The 1.5 Lien Trustee filed a notice of appeal today. While the absence of a pending case before Judge Briccetti would otherwise render moot the question of relatedness, Rule 13(a)(2) permits a transfer if the earlier case is on appeal – but that is assuming that the four-factor test for relatedness is otherwise satisfied (which, here, it is not).

22093137