UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: MPM SILICONES, L.L.C.,

Debtor,

15-cv-2280 (NSR)

OPINION & ORDER

---

BOKF, NA, IN ITS CAPACITY AS TRUSTEE, *et al.*,

Plaintiff-Appellee,

-against-

WILMINGTON SAVINGS FUND SOCIETY, FSB, in its capacity as trustee, *et al.*,

Defendants-Appellants.

---

WILMINGTON TRUST, NATIONAL ASSOCIATION, in its capacity as trustee,

Plaintiff-Appellee,

-against-

WILMINGTON SAVINGS FUND SOCIETY, FSB, in its capacity as trustee, *et al.*,

Defendants-Appellants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/2017

NELSON S. ROMÁN, United States District Judge

Pending before the Court is a bankruptcy appeal filed by Appellant Wilmington Trust, National Association, in its capacity as trustee (the "1.5. Lien Trustee") for the Momentive Performance Materials Inc. 10% Senior Secured Notes due 2012 issued by Momentive Performance Materials Inc. under the Indenture dated as of May 25, 2012. (ECF No. 1.) Appellant challenges orders of the United States Bankruptcy Court for the Southern District of New York (Robert D. Drain, B.J.) granting defendants' motion to dismiss and motion for judgment on the pleadings, (ECF No. 51), and denying plaintiff's motion for leave to file an amended complaint, (ECF No. 58).

On May 4, 2015, another court in this district issued an order affirming the bankruptcy court's confirmation of the Joint Chapter 11 Plan. *See In re MPM Silicones, LLC*, 531 B.R. 321 (S.D.N.Y. 2015). On June 1, 2015, this order was appealed to the Second Circuit. *See In re: MPM Silicones, LLC* (No. 15-1771) (2d Cir. 2015) (the "MPM Confirmation Appeal"). On November 9, 2016, the Second Circuit heard oral arguments. In light of the appeal to the Second Circuit – which may present guidance that is potentially dispositive here – the Court will stay all proceedings in this case during the pendency of the appeal.

A. Legal Standard

In considering a motion to stay proceedings, the court possesses the "inherent" discretion "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and citing *Clinton v. Jones*, 520 U.S. 681, 706-708 (1997)). The decision whether to grant a stay "calls for an exercise of judgment, which must weigh the competing interests and maintain an even balance." *Landis*, 299

U.S. at 254-55. The Supreme Court has observed that while plaintiffs should rarely be impeded from going forward with their claims, that general nostrum reflects "counsels of moderation rather than limitations upon power." *Id.* at 255. "[A] stay is an intrusion into the ordinary processes of administration and judicial review [and] ... [t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 427, 434 (2009)) (internal quotation marks omitted).

In determining whether to enter a stay pending an appeal in a related case, courts have frequently applied a five-factor test, which looks to:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation ... (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). This test "has been applied to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law) ...." *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 445 (S.D.N.Y. 2003) (emphasis omitted); *see also Goldstein v. Time Warner N.Y.C. Cable Group*, 3 F. Supp. 2d 423, 437-439 (S.D.N.Y. 1998) (granting a stay where an independent proceeding in federal court, which had a bearing on the immediate case, was under appellate review). The principal purpose of this five-factor test is "to avoid prejudice." *Volmar*, 152 F.R.D. at 39 (S.D.N.Y. 1993).

**B. Discussion**

Addressing the first factor, the Court notes that the duration of this case has subsided for more than two years. In turn, granting a stay would not prejudice Appellants provided that the MPM Confirmation Appeal may ultimately promote the efficient resolution of the this case, by shedding light on the provisions in the Inter-Creditor Agreement. While not disputing that the indentures whose terms were considered in the confirmation appeal are key underlying documents in the Intercreditor Appeals, appellants argued that the specific indenture provisions addressed in the Confirmation Appeal may not be at issue in the Intercreditor Appeals pending here. (*See* ECF No. 18). Because the Second Circuit's decision may provide instruction on the how to interpret the key underlying documents, Appellant's claim of prejudice is not particularly compelling here. Thus, this factor weighs in favor of the stay and the Court concludes that granting a stay in the instant case would not unduly prejudice Appellants. To the contrary, the rulings of the Second Circuit may advance their interest by providing the Court with guidance as to the quality, nature, and validity of their claims, effectively expediting the resolutions of this adversary proceeding.

Turning to the second factor, the same logic applies. Because the decision of the circuit court may effectively dispose of some or all of this proceeding, a stay would potentially absolve Appellees of the need to litigate a variety of issues otherwise presented here and thus avoid the need for unnecessary litigation. This Court notes that contradictory district court orders, provided the potential overlap in the confirmation appeal and intercreditor appeal, would prove very burdensome on Appellees.

As to the interests of the Court and Non-Parties, a stay in the instant case – provided that the Second Circuit heard oral arguments as of November 2016 – is more likely to promote judicial economy, as well as potentially obviate irrelevant litigation, including otherwise unnecessary third-party practice. "[W]hen a similar action is pending in another court" and "where a higher

court is close to settling an issue of law bearing on the action" a stay is proper. *LaSala,* 399 F. Supp. 2d at 427 n.39 (quoting 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. & 1360 (3rd ed.), and citing *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977)); *see also Fogarazzo v. Lehman Bros., Inc.*, 263 F.R.D. 90, 95 (S.D.N.Y. 2009) (noting that the court had stayed the matter pending the outcome of a Second Circuit decision on relevant legal issues). In recognition of the fact that the Second Circuit will likely be ruling on legal issues potentially dispositive in this case, it is in the best interest of this court to await the decision in the MPM Consolidation Appeal. Failure to do so could well lead to unnecessary litigation that is time-consuming for this court, as well as for any third parties that might be joined in this turnover proceeding. *See Goldstein,* 3 F.Supp. at 437-438 (citing *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *Friarton Estates Corp. v. City of N.Y.*, 681 F.2d 150, 160 (2d Cir. 1982)) (remarking that a court may properly stay an action pending resolution of separate proceedings that are relevant to the case at issue, if the court finds a stay to be efficient for its own docket and to be the fairest course for the parties).

## CONCLUSION

For the foregoing reasons, the Court will stay all proceedings in this case during the pendency of the MPM Confirmation Appeal.

Dated: September 29, 2017               SO ORDERED:
      White Plains, New York

NELSON S. ROMÁN
United States District Judge